James R. Hawkins, Cal Bar No. 192925
Gregory Mauro, Cal Bar No. 222239
JAMES R. HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: 949.387.7200
Facsimile: 949.387.6676
Email: james@jameshawkinsaplc.com
        greg@jameshawkinsaplc.com

Attorneys for Plaintiff RICARDO I.
GOMEZ, Individually and on Behalf of
Other Members of the Public Similarly
Situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RICARDO I. GOMEZ, Individually and on Behalf of Other Members of the Public Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>USF REDDAWAY, INC., a OREGON Corporation, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.2:16-cv-05572-JAK (FFM)<br>Hon. John A. Kronstadt<br><br><u>CLASS ACTION</u><br><br>**SUPPLEMENTAL NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION**<br><br>Date: September 17, 2018<br>Time: 8:30 a.m.<br>Courtroom 10B |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on September 17, 2018, at 8:30 am or as soon thereafter as may be heard in Courtroom 10B of the United States District Court for the Western Division of California, located at First Street Courthouse, 350 W. First

Street, Courtroom 10B, Los Angeles, CA 90012, Plaintiffs Mario Barrios and Saul Montes will and hereby do move this Court to include an additional substantive claim for which the proposed class is certified under Fed. R. Civ. P. 23(a) and 23(b)(3). Specifically, Plaintiffs move to include their claim for Failure to Provide Rest Periods of Compensation in Lieu Thereof for Defendant's uniform failure to authorize or permit a third rest period on shifts over ten hours.

This motion is based on this Supplemental Notice of Motion, the Memorandum of Points and Authorities, the declarations and other evidence filed herewith, all other documents on file with the Court in this action, and any further argument as may be made at the hearing.

Respectfully submitted,

Dated: June 28, 2018                    JAMES HAWKINS APLC

By: */s/ Gregory Mauro*
JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
Attorneys for Plaintiffs

SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .......................................................................................... 1

II.   FACTS    ........................................................................................................ 1

      A.   Defendant's Business ............................................................................ 1

      B.   Defendant applied a uniform and systematic policy that
           failed to authorize or permit a third rest period on
           shifts of over ten hours. ...................................................................... 2

III.  SUMMARY OF APPLICABLE LAW ........................................................ 3

IV.   ARGUMENT .............................................................................................. 5

      A.   The Standards for Class Certification .................................................. 5

      B.   The Standards of Rule 23(a) Have Been Met ...................................... 6

           1.   Numerosity and Ascertainability ................................................. 6

           2.   Commonality ................................................................................ 7

           3.   Typicality ..................................................................................... 8

           4.   Adequacy is Satisfied .................................................................. 9

      C.   The Standards of Rule 23(b)(3) Have Been Met ............................... 9

           1.   Predominance ............................................................................ 10

           2.   Superiority ................................................................................. 12

           3.   Manageability ............................................................................ 12

V.    CONCLUSION .......................................................................................... 13

SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abdullah v. U.S. Security Associates, Inc.,*
  731 F.3d 952 (2013) ...................................................................................... 9, 11

*Alfred v. Pepperidge Farm, Inc.,*
  322 F.R.D. 519 (C.D. Cal. 2017) .................................................................. 11

*Arias v. Superior Court,*
  46 Cal.4th 969 (2009) ...................................................................................... 3

*Ballard v. Equifax Check Servs., Inc.,*
  186 F.R.D. 589 (E.D. Cal. 1999) .................................................................... 6

*Bateman v. American Multi-Cinema, Inc.,*
  623 F.3d 708 (9th Cir. 2010) .......................................................................... 6

*Benton v. Telecom Network Specialists, Inc.,*
  220 Cal.App.4th 701 (2013) ......................................................................... 10

*Blackie v. Barrack,*
  524 F.2d 891 (9th Cir. 1974) ........................................................................ 10

*Bradley v. Networkers International, LLC,*
  211 Cal.App.4th 1129 (2012) ............................................................... 3, 4, 11

*Brinker v. Superior Court,*
  53 Cal.4th 1004 (2012) ................................................................................... *3*

*Bufil v. Dollar Fin. Grp., Inc.,*
  162 Cal.App.4th 1193 (2008) .......................................................................... 8

*Campbell v. PricewaterhouseCoopers, LLP,*
  253 F.R.D. 586 (E.D.Cal. 2008) ..................................................................... 7

*Comcast Corp. v. Behrend,*
  569 U.S. 27 (2013) ........................................................................................ 10

SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION

**CASES – Continued**

*Cornn v. United Parcel Service, Inc.,*
    2005 WL 588431 (N.D. Cal., Mar. 14, 2005, No. C03-2001 TEH) ............... 4

*Deutsch v. Turner Corp.,*
    324 F.3d 692 (2003) ................................................................................. 5

*Doninger v. Pac. Northwest Bell, Inc.,*
    564 F.2d 1304 (9th Cir. 1977) .................................................................. 5

*Faulkinbury v. Boyd & Assocs., Inc.,*
    216 Cal.App.4th 220 (2013) ..................................................................... 10

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ............................................................ 7, 10

*Hanon v. Dataproducts Corp.,*
    976 F.2d 497 (9th Cir. 1992) ................................................................ 5, 8

*In re Wells Fargo Home Mortg. Overtime Pay Litigation,*
    571 F.3d 953 (9th Cir. 2009) ............................................................ 10, 11

*Intermedics, Inc. v. Ventritex, Inc.,*
    822 F. Supp. 634 (1993) ........................................................................... 5

*Jimenez v. Domino's Pizza, Inc.,*
    238 F.R.D. 241 (C.D. Cal. 2006) ............................................................... 7

*Kamar v. Radio Shack Corp.,*
    254 F.R.D. 387 (C.D. Cal. 2008) ............................................................. 10

*Keegan v. Am. Honda Motor Co., Inc.,*
    284 F.R.D. 504 (C.D. Cal. 2012) ............................................................... 6

*Leyva v. Medline Industries, Inc.,*
    716 F.3d 510 (9th Cir. 2012) ..................................................................... 9

*Lubin v. Wackenhut Corporation,*
    5 Cal.App.5th 926 (2016) .......................................................................... 8

SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION

**CASES – Continued**

*Meyer v. Irwin Industries, Inc.,*
 723 F.Supp.2d 1237 (C.D. Cal. 2010)............................................................3

*Rodriguez v. Hayes,*
 591 F.3d 1105 (9th Cir. 2010).........................................................9

*Schwartz v. Harp,*
 108 F.R.D. 279 (C.D. Cal. 1985) ...................................................8

*Slaven v. B.P. Am. Inc.,*
 190 F.R.D. 649 (C.D. Cal. 2000) ...................................................7

*Staton v. Boeing Co.,*
 327 F.3d 938 (9th Cir. 2003).......................................................7, 9

*Vaquero v. Ashley Furniture Industries, Inc.,*
 824 F.3d 1150 (9th Cir. 2016).......................................................12

*Wal-Mart Stores, Inc. v. Dukes, U.S.,*
 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ................................6, 7

**STATUTES & RULES**

Labor Code § 226.7 ............................................................3, 4

Federal Rule of Civil Procedure 23 .................................5, 6, 7, 8, 9, 10

SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This is a simple case of wage theft that is eminently suited for class certification. As addressed in full in Plaintiffs' original Motion for Class Certification, class members are delivery drivers who were subject to Defendant USF Reddaway's common policies and practices. Among those policies – or lack thereof – was Defendant's policy that did not authorize or permit a third rest period for shifts over ten hours. Because this claim can be resolved by analysis of Defendant's policies and records, the class should also be certified to prosecute this substantive claim.

### II.    FACTS

#### A. Defendant's Business

Because the complete background facts are asserted in Plaintiffs' orginal Motion for Class Certification, Plaintiffs will not re-allege them here. Instead, Plaintiffs refer to section A of the Facts section of the Motion for Class Certification, Docket No. 64, and incorporate this section by reference as if fully set forth herein.

From 2011 until April 17, 2017, Defendant's rest period policy provided as follows: "Two 10-minute, paid rest periods, one during every four hours, are to be taken each full 8-hour working day. These breaks are not intended to be combined or added to your meal period discussed below." (Ex. S-1 ["Hourly Employees' Rest and Meal Periods Policy Reminder"].)

The policy was the same for unionized employees, whose agreement provided as follows: "All Employees shall be allowed a rest period approximately one-half way through the first (1st) half of their shift and another half way through the second (2nd) half of their shift. The time for said rest periods shall be paid for by the Employer and shall not exceed ten (10) minutes each. …"  (Ex. S-2 [Teamsters "Master Agreement"].)

1   Defendant had no other policy regarding rest periods until April 17, 2017,

2   when it enacted a new policy that authorized and permitted third rest periods on

3   shifts of over ten hours. (See Ex. S-3 ["Employees' Rest and Meal Periods Policy

4   Reminder"].)

5   Plaintiffs both worked shifts of over ten hours throughout their employment

6   with USF Reddaway. (Montes Supplemental Dec. ¶ 3; Barrios Supplemental Dec.

7   ¶ 3.) On these shifts of over ten hours, they were never permitted or authorized a

8   third rest period. (Montes Supplemental Dec. ¶ 4; Barrios Supplemental Dec. ¶ 4;

9   Ex. S-4 [Montes 230:21-231:2].) They were never paid a rest period premium for

10  failing to be permitted or authorized a third rest period on shifts over ten hours.

11  (Montes Supplemental Dec. ¶ 4; Barrios Supplemental Dec. ¶ 4; Ex. S-5

12  [Chasworth Report p. 6].) Plaintiffs were never informed of a policy requiring a

13  third rest period on shifts of over ten hours by USF Reddaway. (Montes

14  Supplemental Dec. ¶ 4; Barrios Supplemental Dec. ¶ 4.)

15  **III.   SUMMARY OF APPLICABLE LAW**

16  In this Supplemental Motion for Class Certification, Plaintiffs seek to include

17  an additional substantive basis for certification for Failure to Provide Rest Periods

18  or Compensation in Lieu Thereof. (TAC [Dkt. No. 56] ¶¶ 61-65.)[1]

19  "California law provides employees with the right to third rest breaks on

20  shifts longer than 10 hours." *Meyer v. Irwin Industries, Inc.*, 723 F.Supp.2d 1237,

21  1244 (C.D. Cal. 2010) (citing Cal. Labor Code § 226.7 ("(a) No employer shall

22  require any employee to work during any meal or rest period mandated by an

23  applicable order of the Industrial Welfare Commission. (b) If an employer fails to

24  provide an employee a meal period or rest period in accordance with an applicable

25  _____

[1] Plaintiff Montes has also been appointed as the State of California's Private

26  Attorney General to pursue penalties on behalf of the State. California law does not

27  require  class certification of the PAGA to proceed as a representative action for the State of California. *Arias v. Superior Court*, 46 Cal.4th 969, 980 (2009).

28

order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."); see also Wage Order No. 9-2001 § 12.

Plaintiffs' claim for failure to permit or authorize third rest periods rests on Defendant's undisputed lack of policy regarding the provision of third rest periods. The lack of a policy that permits or authorizes rest periods supports certification. *Bradley v. Networkers International, LLC,* 211 Cal.App.4th 1129, 1150 (2012). In *Bradley*, the defendant argued that certification could only be based on an express policy as in *Brinker*, not a failure to enact a policy. *Id.* The *Bradley* court held, "This is not a material distinction on the record before us. Under *Brinker* and under the facts here, the employer engaged in uniform companywide conduct that allegedly violated state law." *Id.*

In certifying the rest break class, the court continued, "plaintiffs' theory of recovery is based on [the defendant's] (uniform) lack of a rest and meal break policy and its (uniform) failure to authorize employees to take statutorily required rest and meal breaks. The lack of a meal/rest break policy and the uniform failure to authorize such breaks are matters of common proof." *Bradley,* 211 Cal.App.4th at 1150.

As to the defendant's defense that it had an informal rest break policy, the *Bradley* court noted that "this defense is also a matter of common proof." *Id.* Finally, the court found that there was no evidence that "the required breaks were regularly taken by the workers," and any assertion that the class members waived their rest breaks was not legally tenable. *Id.* at 1151.

Similarly, in *Cornn v. United Parcel Service, Inc.,* 2005 WL 588431, at *12–13 (N.D. Cal., Mar. 14, 2005, No. C03-2001 TEH), the plaintiffs moved for certification of their claim that delivery drivers were not permitted third rest periods when they worked more than ten hours a day. The plaintiffs presented evidence that

UPS never told its drivers that they were entitled to a third rest break if they worked more than ten hours. *Id.* The court certified this claim, holding that UPS' defenses did not defeat the predominance of common questions because, even if some workers took a third rest period, such a break was unauthorized, and workers could not waive their rest periods. *Id.*

The court further found that "damages for any liability on [this] claim[] could be easily calculated. The statute provides for damages equal to one hour of pay at the employee's usual hourly rate. Cal. Labor Code § 226.7. These hourly rates can be readily retrieved from computerized records, as can the number of days in which each employee worked more than ten hours." As a result, the court certified the plaintiffs' third rest period class.

Likewise, here, liability turns on the issue of whether Defendant's lack of policy regarding a third rest period for shifts of over ten hours resulted in a failure to permit or authorize required rest periods. Consequently, this claim is amenable to class treatment.

## IV.   ARGUMENT

### A.   The Standards for Class Certification

Federal Rule of Civil Procedure 23 governs class actions. Fed. R. Civ. P. 23. A party seeking class certification must demonstrate the following prerequisites: "(1) numerosity of plaintiffs; (2) common questions of law or fact predominate; (3) the named plaintiff's claims and defenses are typical; and (4) the named plaintiff can adequately protect the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing Fed. R. Civ. P. 23(a)). The party may not rest on mere allegations but must provide facts to satisfy these requirements. *Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977). Although not mentioned in Rule 23(a), the moving party must also demonstrate that the class is ascertainable. *Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 521 (C.D. Cal. 2012).

After satisfying these five prerequisites, a party must also demonstrate either: (1) a risk that separate actions would create incompatible standards of conduct for the defendant or prejudice individual class members not parties to the action; or (2) the defendant has treated the members of the class as a class, making appropriate injunctive or declaratory relief with respect to the class as a whole; or (3) common questions of law or fact predominate over questions affecting individual members and that a class action is a superior method for fairly and efficiently adjudicating the action. Fed. R. Civ. P. 23(b)(1-3).

The decision to grant or deny a motion for class certification is committed to the trial court's broad discretion. *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010). However, a party seeking class certification must affirmatively demonstrate compliance with Rule 23, that is, the party must be prepared to prove that there are in fact sufficiently numerous parties and common questions of law or fact. *Wal-Mart Stores, Inc. v. Dukes*, U.S., 131 S. Ct. 2541, 2550-51, 180 L. Ed. 2d 374 (2011). This requires a district court to conduct a "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's underlying claim." *Id*.

## B.    The Standards of Rule 23(a) Have Been Met

### 1.    *Numerosity and Ascertainability*

Rule 23(a)(1) requires the class to be so numerous that joinder of individual class members is impracticable. See Fed. R. Civ. P. 23(a)(1). Additionally, there is no particular number cut-off, as the specific facts of each case may be examined. *Ballard v. Equifax Check Servs., Inc.*, 186 F.R.D. 589, 594 (E.D. Cal. 1999).

According to Defendant, there are 1372 Drivers who worked in California during the relevant time period, the vast majority of whom worked a shift over ten hours (approximately 68.5% of shifts from a 10% sample of timekeeping data were over ten hours). (Ex. S-6, Def. Supp. Responses to Interrogatories, No. 1; Ex. S-5 [Chasworth Report Ex. D.1].) This easily satisfies the numerosity requirement. *E.g.*,

*Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 247 (C.D. Cal. 2006) (holding that a proposed class of employees challenging exemption met the numerosity requirement where it was at least 160 members); *Slaven v. B.P. Am. Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000) ("The Ninth Circuit has not offered a precise numerical standard; other District Courts have, however, enacted presumptions that the numerosity requirement is satisfied by a showing of 25-30 members.").

Further, membership in the class is readily ascertainable. *Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586, 593 (E.D.Cal. 2008) (it must be "'administratively feasible' for the court to determine individual class membership"). All proposed class members are determinable directly from Defendant's own records by objective criteria.

2.   *Commonality*

Courts have construed Rule 23(a)(2)'s commonality requirement permissively. *Staton v. Boeing Co*., 327 F.3d 938, 953 (9th Cir. 2003). "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Still, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" which "does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart*, 131 S. Ct. at 2551 (citation omitted). The "claims must depend on a common contention" and "[t]hat common contention...must be of such a nature that it is capable of class-wide resolution-which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*.

Here, all policies and practices at issue are uniform for all Drivers across California. Defendant confirmed that all Drivers are paid the same, paid on the same timekeeping system, used the same handheld device to record time actually

worked, were paid on an hourly basis, and were subject to the same policies regardless of union membership. Defendant's lack of a policy to permit or authorize third rest periods for shifts over ten hours affects all Drivers. The uniform lack of policy and uniform failure to authorize third rest periods are matters of common proof. Any allegation that Defendant did indeed have an unwritten or informal policy regarding third rest periods would itself be subject to common proof. Further, any "[a]necdotal evidence that some employees had rest breaks goes to damages and is not evidence of a uniform policy or practice." *Lubin v. Wackenhut Corporation,* 5 Cal.App.5th 926, 957 (2016). And any such break would have been unauthorized anyway. *Bufil v. Dollar Fin. Grp., Inc.,* 162 Cal.App.4th 1193, 1199 (2008) ("the onus is on the employer to clearly communicate the authorization and permission [to take rest breaks] to its employees"). As a result, this claim rests on a common contention that can be resolved on a class basis.

### 3. Typicality

Typicality is assessed under Rule 23(a)(3) by determining whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct. *Hanon,* 976 F.2d at 508 (quoting *Schwartz v. Harp,* 108 F.R.D. 279, 282 (C.D. Cal. 1985)).

Plaintiffs' claims are typical of the class because they worked as Drivers during the class period and were subject to the lack of policy permitting third rest periods, resulting in rest break violations. (Barrios Supplemental Dec. ¶ 4; Montes Supplemental Dec. ¶ 4.) Both Plaintiffs were not permitted third rest periods and were not paid rest period premiums. (Barrios Supplemental Dec. ¶ 4; Montes Supplemental Dec. ¶ 4.)

Further, should the class need to be divided into union and non-union members for any reason, each class has a named representative. Montes worked as a union Driver, and Barrios was non-unionized. (Barrios Supplemental Dec. ¶ 2;

Montes Supplemental Dec. ¶ 2.) Accordingly, all class members are ensured adequate representation. *Staton*, 327 F.3d at 957 (certifying classes including non-union and union employees where each was represented by a named plaintiff).

Because "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability," *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010), typicality is satisfied.

### 4.    *Adequacy is Satisfied*

For the sake of brevity, Plaintiffs refer to section B.4. of Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification, Docket No. 64, and incorporate this section by reference as if fully set forth herein.

### C.    The Standards of Rule 23(b)(3) Have Been Met

Of the three possible bases for certification under Rule 23(b), Plaintiffs seek certification under Rule 23(b)(3) which requires that "the questions of law or fact common to the members of the class predominate over any questions affecting individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

The Ninth Circuit has made clear that predominance is met where common questions of liability are present and damages can be feasibly and efficiently calculated. *See, e.g.*, *Leyva v. Medline Industries, Inc.*, 716 F.3d 510, 514 (9th Cir. 2012) (finding predominance where wage and hour claims presented common legal questions and damages could be calculated using company documents and testimony); *Abdullah v. U.S. Security Associates, Inc.*, 731 F.3d 952, 964-67 (2013) (predominance satisfied where plaintiffs' claims would prevail or fail in unison given the common legal questions and ability to calculate class damages). Where, as here, the claim asserted by a proposed class is based upon a consistent employer practice, class certification is usually appropriate. *Kamar v. Radio Shack Corp.*, 254

F.R.D. 387, 399 (C.D. Cal. 2008); *see Blackie v. Barrack,* 524 F.2d 891, 905 (9th Cir. 1974) (affirming order granting class certification where "the process of computing individual damages will be virtually a mechanical task").

### 1.    Predominance

The analysis under Rule 23(b)(3) "presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(a)(2)." *Hanlon*, 150 F.3d at 1022. "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Id*. Rule 23(b)'s requirement that common issues of law or fact predominate over individual issues is similar to, but more stringent than, Rule 23(a)'s commonality requirement. *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013) ("Rule 23(b)'s predominance criterion is even more demanding than Rule 23(a). . . . Rule 23(b) requires that courts 'take a "close look' at whether common questions predominate over individual ones.") (citation omitted). The focus in the predominance inquiry is "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *In re Wells Fargo Home Mortg. Overtime Pay Litigation*, 571 F.3d 953, 957 (9th Cir. 2009) (quotation omitted). Class certification under Rule 23(b)(3) is proper when common questions present a significant portion of the case and can be resolved for all members of the class in a single adjudication. *Hanlon*, 150 F.3d at 1022.

Not surprisingly, courts have recognized that claims based on a failure to enact a lawful break policy are amenable to class treatment because of the predominate common issue of the legality of the lack of such a policy. *Benton v. Telecom Network Specialists, Inc.,* 220 Cal.App.4th 701, 705 (2013) (reversing denial of certification where the defendant failed to adopt a policy authorizing and permitting meal and rest breaks to its technicians); *Faulkinbury v. Boyd & Assocs., Inc.*, 216 Cal.App.4th 220, 237 (2013) (reversing denial of certification of a class alleging rest break violations, holding that class-wide issues predominated because "[the defendant's] liability, if any, would arise upon a finding that its uniform rest

break policy, or lack of policy, was unlawful"); *Bradley,* 211 Cal.App.4th at1150 ("Here, plaintiffs' theory of recovery is based on [the defendant's] (uniform) lack of a rest and meal break policy and its (uniform) failure to authorize employees to take statutorily required rest and meal breaks. The lack of a meal/rest break policy and the uniform failure to authorize such breaks are matters of common proof.") The result should be no different here.[2]

Notably, the uniform lack of policy is not the only aspect establishing predominance. See *In re Wells Fargo Home Mortg. Overtime Pay Litigation,* 571 F.3d 953, 955 9th Cir. 2009) ("it is an abuse of discretion to rely on such policies to the near exclusion of other relevant factors touching on predominance"). To the contrary, Defendant's actual practice of failing to permit a third rest period on shifts over ten hours, as evidenced in the declarations of Plaintiffs Montes and Barrios, supports a finding that common questions would predominate. See *Abdullah v. U.S. Sec. Associates, Inc.* (9th Cir. 2013) 731 F.3d 952, 965 (finding a uniform policy plus evidence of actual business practices showed predominance of common issues).

Plaintiff anticipates that Defendant will argue that individualized questions surround the issue of why Drivers did not take third rest periods. However, as this Court has held, "when an employer has not authorized and not provided legally-required meal and/or rest breaks, the employer has violated the law and the fact that an employee may have actually taken a break or was able to eat food during the work day does not show that individual issues will predominate in the litigation." *Alfred v. Pepperidge Farm, Inc.,* 322 F.R.D. 519, 549 (C.D. Cal. 2017) (quoting *Bradley,* 211 Cal.App.4th at 1151).

Finally, as the Ninth Circuit has recently reaffirmed, in a wage and hour case, the potential need for damages to be established on an individual basis does not

---

[2] Because Defendant enacted a facially compliant policy on April 17, 2017, the class claims run only through that date.

SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION

defeat predominance and therefore is not a basis for denying class certification. *Vaquero v. Ashley Furniture Industries, Inc*., 824 F.3d 1150 (9th Cir. 2016). Damages could be easily calculated by retrieving employee records for days in which class members worked over ten hours and using the class members' hourly rates to calculate total damages.

### 2.  Superiority

For the sake of brevity, Plaintiffs refer to section C.2. of Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Class Certification, Docket No. 64, and incorporate this section by reference as if fully set forth herein.

### 3.  Manageability

Liability and damages in this case can be tried based upon the common facts and polices related to the claims and based on Defendant's own objective business records. Plaintiffs' theory of liability involves common questions eminently suited for class treatment. Through objective testimony and documentary evidence, class treatment is warranted.

Liability will be determined by Defendant's own corporate records and witness testimony, which will show that class members were not permitted or authorized a third rest period on shifts over ten hours.

Total damages for the class members can be determined solely from records. For every shift over ten hours, the employee working that shift is owed a premium equal to one hour of the regular rate of pay.

Plaintiffs' claims are well suited for class treatment. Plaintiffs' liability trial plan is to present the policy documents, 30(b)(6) testimony, and expert testimony explained herein, and the damages trial plan relies exclusively on expert testimony comparing time and payroll records for comparison of damages for class members on a class wide basis.

///

SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION

**V.    CONCLUSION**

        For the foregoing reasons, Plaintiffs respectfully request that the Court include Plaintiffs' claim for Failure to Provide Rest Periods as an additional basis for certification under Plaintiffs' Motion for Class Certification.

Dated: June 28, 2018                    JAMES R. HAWKINS APLC


                                        By:/s/ Gregory Mauro
                                        JAMES R. HAWKINS, ESQ.
                                        GREGORY MAURO, ESQ.
                                        Attorneys for Plaintiffs

SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF SUPPLEMENTAL MOTION FOR CLASS CERTIFICATION

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2018 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Central District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.


Dated: June 28, 2018

By: /s/ Gregory Mauro
GREGORY MAURO, ESQ.